# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

**CIVIL NO. 5:24-CV-00088**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONE PALMETTO STATE ARMORY )<br>ROCK PISTOL seized from Antonio )<br>Phillips and Jada Jackson on or about )<br>May 25, 2022, in Catawba County, North )<br>Carolina, )<br>)<br>ONE SCCY CPX-2 PISTOL seized from )<br>Antonio Phillips and Jada Jackson on or )<br>about May 25, 2022, in Catawba County, )<br>North Carolina, )<br>)<br>TWO TAURUS G3C PISTOLS seized )<br>from Antonio Phillips and Jada Jackson )<br>on or about May 25, 2022, in Catawba )<br>County, North Carolina, )<br>)<br>and )<br>)<br>ONE ANDERSON AM-15 RIFLE )<br>seized from Antonio Phillips and Jada )<br>Jackson on or about May 25, 2022, in )<br>Catawba County, North Carolina, )<br>)<br>Defendants. ) | **VERIFIED COMPLAINT FOR<br>FORFEITURE *IN REM*** |

NOW COMES the United States of America, Plaintiff herein, by and through Dena J. King, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

## NATURE OF ACTION

1. This is a civil action *in rem* against one Palmetto State Armory Rock 5.7 caliber pistol (bearing serial number RK004299), one SCCY CPX-2 9mm caliber pistol (bearing serial number 884648), one Taurus G3C 9mm caliber pistol (bearing serial number ACG980528), one Taurus G3C 9mm caliber pistol (bearing serial number ABH847530), and one Anderson AM-15 multi-caliber rifle (bearing serial number 21163091) (collectively, "the Defendant Firearms") seized from Antonio Phillips ("Mr. Phillips") and Jada Jackson ("Ms. Jackson") on or about May 25, 2022, in Catawba County, North Carolina.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. This Court has *in rem* jurisdiction over the Defendant Firearms, and venue is proper pursuant to 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in the Western District of North Carolina.

2

4. Venue is also proper pursuant to 28 U.S.C. § 1395 because the Defendant Firearms are located in the Western District of North Carolina.

5. The Defendant Firearms were manufactured outside of the State of North Carolina and traveled in interstate commerce.

6. The Defendant Firearms were seized within and are now within the Western District of North Carolina.

## BASES FOR FORFEITURE

7. As described below, there are at least four separate bases that support forfeiture of the Defendant Firearms.

8. First, the Defendant Firearms were possessed by a person who is a convicted felon in violation of 18 U.S.C. § 922(g)(1), and therefore are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

9. Second, the Defendant Firearms were used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or proceeds traceable to such controlled substances, and therefore are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(11).

10. Third, the Defendant Firearms were possessed in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A), and therefore are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

11. Fourth, the Defendant Firearms were possessed by persons who are unlawful users of or addicted to a controlled substance in violation of 18 U.S.C. § 922(g)(3), and therefore are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

## FACTUAL BACKGROUND

12. In or around February 2022, law enforcement began to investigate Mr. Phillips for the distribution of fentanyl pills in Catawba County, North Carolina.

13. Over the course of approximately four months, law enforcement utilized a confidential informant and an ATF agent acting in an undercover capacity to conduct numerous controlled purchases of fentanyl pills from Mr. Phillips.

14. Two of these controlled purchases and the execution of a search warrant at Mr. Phillips' residence are summarized below, which illustrate: (1) Mr. Phillips' dominion and control over the Defendant Firearms; (2) the connection between the Defendant Firearms and Mr. Phillips' drug distribution activities; (3) Ms. Jackson's knowledge of and involvement in Mr. Phillips' drug distribution activities; and (4) the fact that both Ms. Jackson and Mr. Phillips were unlawful users of marijuana.

*March 28, 2022 Controlled Purchase*

15. On March 28, 2022, a confidential informant and undercover agent traveled to Mr. Phillips' residence in Hickory, North Carolina to conduct a controlled purchase of fentanyl pills.

16. After they entered the residence, Mr. Phillips retrieved one of the Defendant Firearms at issue in this action, an Anderson Manufacturing Model AM-15 assault rifle.

17. During the transaction, the undercover agent spoke to Mr. Phillips about the price of the fentanyl pills and future purchases. As they conversed, Mr. Phillips rolled a marijuana blunt and began smoking it.

18. The undercover agent provided Mr. Phillips $450 for 30 fentanyl pills.

***April 13, 2022 Controlled Purchase***

19. On April 13, 2022, another controlled purchase occurred at Mr. Phillips' residence.

20. Mr. Phillips answered the door and invited the undercover agent inside.

21. The undercover agent met Mr. Phillips's girlfriend, Ms. Jackson, who was home and also lived at the residence.

22. When the undercover agent entered the residence, Mr. Phillips was trying on a white shirt to ensure that it covered a pistol, which appeared to be a Taurus semi-automatic pistol located inside a holster. The holster was designed to be worn inside the waistband for concealment. Because his shirt was too tight, Mr. Phillips' pistol was visible. To better conceal the pistol, Mr. Phillips changed into a shirt that was looser.

23. The undercover agent also saw an AR-type rifle beside the couch in the living room, which appeared to be the same Anderson Manufacturing Model AM-15 assault rifle that was handled by Mr. Phillips during the March 28, 2022 controlled purchase discussed above.

24. The undercover agent asked Mr. Phillips about the rifle, and he responded that he had plans to get an "FFL" (referring to a federal firearms license) so that he could sell guns legally.

25. The undercover agent asked about the price of the fentanyl pills and Mr. Phillips directed him to give $750.00 to Ms. Jackson. The undercover agent also provided Ms. Jackson with an additional $200.00 to pay for fentanyl pills that were previously "fronted" by Mr. Phillips.

26. After Ms. Jackson finished counting the money, the undercover agent retrieved the fentanyl pills and left the residence.

*May 25, 2022 Execution of Search Warrant at Residence*

27. On May 25, 2022, law enforcement executed a search warrant at the residence occupied by Mr. Phillips and Ms. Jackson.

28. During the search, officers located Mr. Phillips and Ms. Jackson inside the residence.

29. Law enforcement also located in the residence, among other things, approximately 1,000 fentanyl pills and the Defendant Firearms. One of the Defendant Firearms, a Palmetto State Armory pistol, was located near the couch in the front room. After two law enforcement agents mentioned that they had not seen that particular firearm before, Mr. Phillips chimed in and stated that it was a new model.

30. While the search warrant of the residence was being executed, officers deployed a trained and certified narcotics K-9 to conduct a free-air sniff around two vehicles (a Toyota Avalon and a Kia Optima) that were parked in the driveway.

31. Ms. Jackson stated to law enforcement that she and Mr. Phillips smoked marijuana in the vehicles and the K-9 would therefore likely alert on the vehicles.

32. The K-9 positively alerted to both vehicles.

33. A search of the Toyota Avalon resulted in the seizure of one of the Defendant Firearms, an Anderson model AM-15 rifle, which was found in the trunk of the vehicle with a large drum magazine installed.

34. Upon information and belief, this is the same assault rifle that was in Mr. Phillips' home during the March 28, 2022 and April 13, 2022 controlled purchases discussed above.

7

*Mr. Phillips' Federal Indictment and Guilty Plea*

35. On June 22, 2022, a federal grand jury in the Western District of North Carolina returned a nine-count indictment charging Antonio Phillips with drug distribution charges, as well as possession of firearms in furtherance of a drug trafficking offense. *United States v. Phillips*, 5:22-cr-000237-KDB-DCK, Crim. Doc. 9.

36. The indictment contained a Notice of Forfeiture, which identifies the Defendant Firearms as being subject to forfeiture. *Id.* at 4.

37. On May 19, 2023, Mr. Phillips entered into a plea agreement, agreeing to plead guilty to count eight of the indictment, which charged him with knowingly and intentionally possessing with intent to distribute fentanyl on or about May 25, 2022, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Crim. Doc. 27.

38. As part of his plea, Mr. Phillips agreed that the amount of fentanyl that was known to or reasonably foreseeable by him was at least 160 grams but less than 280 grams. *Id.* at 2.

8

Case 5:24-cv-00088-KDB-SCR   Document 1   Filed 03/22/24   Page 8 of 12

39. As part of his plea agreement, Mr. Phillips also agreed to forfeit all assets listed in the indictment and/or seized during the investigation, which as noted above, included the Defendant Firearms.[1]  *Id.* at 3.

40. On November 2, 2023, Mr. Phillips was sentenced to eighty-four months' imprisonment.  Crim. Doc. 40, at 2.

41. Mr. Phillips also has a prior state court felony conviction.

## ADMINISTRATIVE FORFEITURE

42. ATF timely initiated an administrative forfeiture action against the Defendant Firearms.

43. On September 12, 2022, ATF received a claim from Ms. Jackson, in which she claimed to be the owner of the Defendant Firearms.[2]

44. The United States now files this Complaint in response to Ms. Jackson's claim.

---

[1] A consent order of forfeiture was inadvertently not presented to the Court prior to sentencing, so the forfeiture of the Defendant Firearms was not ruled on by the Court in Mr. Phillips' criminal case.

[2] A Ruger firearm was also seized in connection with the investigation, but no claim as to this firearm was filed in the administrative forfeiture proceeding. Accordingly, this firearm has already been administratively forfeited and is not part of this case.  *See* Doc. 31.

45. The following persons may have or claim an interest in the Defendant Firearms and Ammunition:

Antonio Phillips

Jada Jackson

## **CONCLUSION**

46. By virtue of the foregoing, all right, title, and interest in the Defendant Firearms are vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and have become and are forfeitable to the United States of America.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant Firearms be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the Defendant Firearms to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Defendant Firearms as required by 28 U.S.C. § 1921.

Respectfully submitted this 22nd day of March, 2024.

                        DENA J. KING
                        UNITED STATES ATTORNEY

                        **s/ Jonathan D. Letzring**
                        JONATHAN D. LETZRING
                        Assistant United States Attorney
                        Georgia Bar No. 141651
                        Room 233, U.S. Courthouse
                        100 Otis Street
                        Asheville, North Carolina 28801
                        Telephone No. (828) 271-4661
                        Jonathan.letzring@usdoj.gov

## VERIFICATION

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and one of the agents assigned to this case. Pursuant to 28 U.S.C. § 1746, I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of knowledge, information, and belief.

Date: _____

JAMES WINGLER
Digitally signed by JAMES WINGLER
Date: 2024.03.22 09:49:20 -04'00'

J. Jared Wingler
Special Agent

12