IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL NO. 5:24-CV-00088-KDB-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ONE PALMETTO STATE ARMORY ROCK PISTOL seized from Antonio Phillips and Jada Jackson on or about May 25, 2022, in Catawba County, North Carolina, | ) ) ) ) ) |
| | ) |
| ONE SCCY CPX-2 PISTOL seized from Antonio Phillips and Jada Jackson on or about May 25, 2022, in Catawba County, North Carolina, | ) ) ) ) |
| | ) |
| TWO Taurus G3C PISTOLS seized from Antonio Phillips and Jada Jackson on or about May 25, 2022, in Catawba County, North Carolina, | ) ) ) ) |
| | ) |
| and | ) |
| | ) |
| ONE ANDERSON AM-15 RIFLE seized from Antonio Phillips and Jada Jackson on or about May 25, 2022, in Catawba County, North Carolina, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER OF DEFAULT JUDGMENT

This matter is before the Court on the Government's Motion for Default Judgment of Forfeiture. Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture as to one Palmetto State Armory Rock 5.7 caliber pistol (bearing serial number RK004299), one SCCY CPX-2 9mm caliber pistol (bearing serial number 884648),

one Taurus G3C 9mm caliber pistol (bearing serial number ACG980528), one Taurus G3C 9mm caliber pistol (bearing serial number ABH847530), and one Anderson AM-15 multi-caliber rifle (bearing serial number 21163091) (collectively, "the Defendant Firearms") identified in the Government's Verified Complaint.

## FACTUAL BACKGROUND

Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2011); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint, Doc. 1, are deemed admitted as true. The following is a recitation of the relevant, admitted facts:

In or around February 2022, law enforcement began to investigate Mr. Antonio Phillips for the distribution of fentanyl pills in Catawba County, North Carolina. Doc. 1 ¶ 12. Over the course of approximately four months, law enforcement utilized a confidential informant and an ATF agent acting in an undercover capacity to conduct numerous controlled purchases of fentanyl pills from Mr. Phillips. *Id*. ¶ 13.

Two of these controlled purchases and the execution of a search warrant at Mr. Phillips' residence are summarized below, which illustrate: (1) Mr. Phillips' dominion and control over the Defendant Firearms; (2) the connection between the Defendant Firearms and Mr. Phillips' drug distribution activities; (3) Ms. Jada Jackson's knowledge of and involvement in Mr. Phillips' drug distribution activities; and (4) the fact that both Ms. Jackson and Mr. Phillips were unlawful users of marijuana. *Id*. ¶ 14.

2

*March 28, 2022 Controlled Purchase*

On March 28, 2022, a confidential informant and undercover agent traveled to Mr. Phillips' residence in Hickory, North Carolina to conduct a controlled purchase of fentanyl pills. *Id*. ¶ 15. After they entered the residence, Mr. Phillips retrieved one of the Defendant Firearms at issue in this action, an Anderson Manufacturing Model AM-15 assault rifle. *Id*. ¶ 16.

During the transaction, the undercover agent spoke to Mr. Phillips about the price of the fentanyl pills and future purchases. *Id*. ¶ 17. As they conversed, Mr. Phillips rolled a marijuana blunt and began smoking it. *Id*. The undercover agent provided Mr. Phillips $450 for 30 fentanyl pills. *Id*. ¶ 18.

*April 13, 2022 Controlled Purchase*

On April 13, 2022, another controlled purchase occurred at Mr. Phillips' residence. *Id*. ¶ 19. Mr. Phillips answered the door and invited the undercover agent inside. *Id*. ¶ 20. The undercover agent met Mr. Phillips's girlfriend, Ms. Jackson, who was home and also lived at the residence. *Id*. ¶ 21.

When the undercover agent entered the residence, Mr. Phillips was trying on a white shirt to ensure that it covered a pistol, which appeared to be a Taurus semi-automatic pistol located inside a holster. *Id*. ¶ 22. The holster was designed to be worn inside the waistband for concealment. *Id*. Because his shirt was too tight, Mr. Phillips' pistol was visible. *Id*. To better conceal the pistol, Mr. Phillips changed into a shirt that was looser. *Id*.

The undercover agent also saw an AR-type rifle beside the couch in the living room, which appeared to be the same Anderson Manufacturing Model AM-15 assault rifle that was

3

handled by Mr. Phillips during the March 28, 2022 controlled purchase discussed above. *Id*. ¶ 23. The undercover agent asked Mr. Phillips about the rifle, and he responded that he had plans to get an "FFL" (referring to a federal firearms license) so that he could sell guns legally. *Id*. ¶ 24.

The undercover agent asked about the price of the fentanyl pills and Mr. Phillips directed him to give $750.00 to Ms. Jackson. *Id*. ¶ 25. The undercover agent also provided Ms. Jackson with an additional $200.00 to pay for fentanyl pills that were previously "fronted" by Mr. Phillips. *Id*. After Ms. Jackson finished counting the money, the undercover agent retrieved the fentanyl pills and left the residence. *Id*. ¶ 26.

*May 25, 2022 Execution of Search Warrant at Residence*

On May 25, 2022, law enforcement executed a search warrant at the residence occupied by Mr. Phillips and Ms. Jackson. *Id*. ¶ 27. During the search, officers located Mr. Phillips and Ms. Jackson inside the residence. *Id*. ¶ 28.

Law enforcement also located in the residence, among other things, approximately 1,000 fentanyl pills and the Defendant Firearms. *Id*. ¶ 29. One of the Defendant Firearms, a Palmetto State Armory pistol, was located near the couch in the front room. *Id*. After two law enforcement agents mentioned that they had not seen that particular firearm before, Mr. Phillips chimed in and stated that it was a new model. *Id*.

While the search warrant of the residence was being executed, officers deployed a trained and certified narcotics K-9 to conduct a free-air sniff around two vehicles (a Toyota Avalon and a Kia Optima) that were parked in the driveway. *Id*. ¶ 30. Ms. Jackson stated to law enforcement that she and Mr. Phillips smoked marijuana in the vehicles and the K-9

4

would therefore likely alert on the vehicles. *Id.* ¶ 31. The K-9 positively alerted to both vehicles. *Id.* ¶ 32.

A search of the Toyota Avalon resulted in the seizure of one of the Defendant Firearms, an Anderson model AM-15 rifle, which was found in the trunk of the vehicle with a large drum magazine installed. *Id.* ¶ 33. Upon information and belief, this is the same assault rifle that was in Mr. Phillips' home during the March 28, 2022 and April 13, 2022 controlled purchases discussed above. *Id.* ¶ 34.

*Mr. Phillips' Federal Indictment and Guilty Plea*

On June 22, 2022, a federal grand jury in the Western District of North Carolina returned a nine-count indictment charging Antonio Phillips with drug distribution charges, as well as possession of firearms in furtherance of a drug trafficking offense. *United States v. Phillips*, 5:22-cr-000237-KDB-DCK, Crim. Doc. 9. Doc. 1 ¶ 35. The indictment contained a Notice of Forfeiture, which identifies the Defendant Firearms as being subject to forfeiture. Crim. Doc. 9, at 4. Doc. 1 ¶ 36.

On May 19, 2023, Mr. Phillips entered into a plea agreement, agreeing to plead guilty to count eight of the indictment, which charged him with knowingly and intentionally possessing with intent to distribute fentanyl on or about May 25, 2022, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Crim. Doc. 27. Doc. 1 ¶ 37.

As part of his plea, Mr. Phillips agreed that the amount of fentanyl that was known to or reasonably foreseeable by him was at least 160 grams but less than 280 grams. Crim. Doc. 27, at 2. Doc. 1 ¶ 38.

5

As part of his plea agreement, Mr. Phillips also agreed to forfeit all assets listed in the indictment and/or seized during the investigation, which as noted above, included the Defendant Firearms. Crim. Doc. 27, at 3. Doc. 1 ¶ 39. On November 2, 2023, Mr. Phillips was sentenced to eighty-four months' imprisonment. Crim. Doc. 40, at 2. Doc. 1 ¶ 40. Mr. Phillips also has a prior state court felony conviction. *Id*. ¶ 41.

## PROCEDURAL BACKGROUND

The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") timely initiated an administrative forfeiture action against the Defendant Firearms. *Id*. ¶ 42. On September 12, 2022, ATF received a claim from Ms. Jackson, in which she claimed to be the owner of the Defendant Firearms. *Id*. ¶ 43.

On March 22, 2024, the Government filed a Verified Complaint for Forfeiture *In Rem*, alleging that the Defendant Firearms seized from Mr. Phillips and Ms. Jackson on or about May 25, 2022, are subject to civil forfeiture under 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 881(a)(11). Doc. 1. On March 27, 2024, the Clerk issued a Warrant of Arrest *In Rem* for the Defendant Firearms. Doc. 2.

After the Government filed its Complaint and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on April 9, 2024, the Government mailed notice and a copy of the Complaint to Mr. Phillips, Ms. Jackson, and attorney Roderick Morris Wright, Jr. Doc. 4. Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with

6

potential claims to the Defendant Firearm by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on April 9, 2024. *Id*.

The Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). During the pendency of this action, no individual or entity has made a timely claim to the Defendant Firearms. On July 10, 2024, the Government filed a motion for entry of Clerk's default. Doc. 6. On July 10, 2024, the Clerk entered default. Doc. 7.

## **DISCUSSION**

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may obtain forfeiture of a firearm that was knowingly possessed by a convicted felon, was knowingly possessed by an unlawful user of a controlled substance, and/or was possessed in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(d)(1); 18 U.S.C. § 924(c)(1)(A); 18 U.S.C. § 922(g)(1) and (3). Additionally, the Government may obtain forfeiture of a firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or proceeds traceable to such controlled substances. *See* 21 U.S.C. § 881(a)(11).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Firearms are subject to forfeiture under 18 U.S.C. § 924(d)(1) and 21 U.S.C. §

7

881(a)(11). Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Firearms. Thus, after careful review, the Court finds that the Government has established that default judgment is appropriate.

## JUDGMENT

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture is hereby **GRANTED** and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Firearms identified in the Government's Complaint.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Firearms are hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal, or designee, is hereby directed to dispose of the Defendant Firearms as provided by law.

Signed: August 16, 2024

Kenneth D. Bell
United States District Judge